UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

Emilee Lord,                                                    No.  21 Civ. 4416

              Plaintiff,

     - against -

Halyards, LLC and Edward Colley,

              Defendants.
-----------------------------------------------------X

## COMPLAINT

Plaintiff Emilee Lord ("Plaintiff Lord"), by and through her attorneys, upon knowledge and belief, and as against Defendants Halyards, LLC ("Defendant Halyards" or "Halyards") and Edward Colley ("Defendant Colley" or "Colley"), alleges as follows:

### NATURE OF ACTION

1.      Plaintiff brings claims against Defendants for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and regulations promulgated by the New York Department of Labor, 12 N.Y.C.R.R. §146-1.1 *et seq.* ("Hospitality Wage Order").

2.      Plaintiff seeks redress for damages, liquidated damages, statutory damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

### JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and supplemental jurisdiction over Plaintiff's NYLL and Hospitality Wage Order claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims

occurred in this District, Defendants maintain the company's headquarters and office within this District, Defendants operate their business in this District, and Defendants employed Plaintiff in this District.

## THE PARTIES

5.      From approximately September 1, 2018, until June 28, 2021, Plaintiff was purportedly employed by Defendants as a "bartender" for a bar operating under the trade name "Halyards" located at 406 3rd Avenue in Brooklyn, New York, 11215.

6.      Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

7.      Defendant Halyards is a limited liability company that Defendant Colley formed under the laws of the state of New York on September 21, 2010.

8.      Defendant Halyards operates a bar under an on-premise license #1248797 issued by the New York State Liquor Authority.

9.       Defendant  Colley possesses operational control over, ownership interests in, and controls significant functions of Defendant Halyards.

10.      At all relevant times herein, Defendant Colley possessed the power and authority to fire and hire employees at the bar including Plaintiff, determine their rate and method of pay, determine their work schedules and otherwise affect the quality of their employment.

11.      At all relevant times, Defendant Colley exercised such power by hiring including, but not limited to, negotiating terms of employment and firing employees.

## FACTUAL ALLEGATIONS

12.      Defendants hired Plaintiff to work as a bartender on or about September 1, 2019.

13.      Plaintiff was ostensibly employed as a bartender, but she was required to spend several hours each day performing non-tipped duties unrelated to bartending including but not

2

limited to bookkeeping, promulgating and maintaining social media, ordering products for bar and maintaining inventory, scheduling of private parties and events at the bar, and stocking deliveries (hereinafter, "non-tip duties").

14.     Defendants did not provide Plaintiff with written notice of her wage rate at the time of hire or maintain accurate records.

15.     Beginning at the time of her hire, Defendants paid Plaintiff $40 in cash per day regardless of the length of her workday, which was never less than 8 hours and could be up to 13 hours.

16.     In February 2019, Defendants began to pay Plaintiff $7.50 an hour.

17.     In February 2020, Defendants began to pay Plaintiff $10.00 an hour.

18.     On April 23, 2020, Defendants stated that they would pay Plaintiff $2,000 a month as a salary.

19.     Defendants did not pay any money from April 23, 2020 until October 2, 2020.

20.     On December 11, 2020, Defendants stopped paying Plaintiff.  Defendants did not resume paying Plaintiff until April 3, 2021.

21.     On June 28, 2021, Defendant Colley when he told Plaintiff:  "You're fired."

22.     Plaintiff regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that she worked.

23.     Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff appropriately for her hours either at the straight rate of pay or for any additional overtime premium.

24.     Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

25.     Defendant Colley operates Defendant Halyards as alter egos of himself and/or fails to operate Defendant Halyard as a legal entity separate and apart from himself by, among other things: (a) failing to adhere to the corporate formalities necessary to operate Defendant as a separate and legally distinct entity; (b) defectively forming or maintaining Defendant Halyards by, among other things, failing to hold annual meetings or maintaining appropriate records; (c) transferring assets and debts freely as between himself and Defendant Halyards; (d) operating Defendant Halyards for his own benefit as the sole or majority shareholder; (e) operating Defendant Halyards for his own benefit and maintaining control over them as closed corporations or closely controlled entities; (f) intermingling assets and debts of his own with Defendant Halyards; (g) diminishing and/or transferring assets of Defendant Halyards to protect his own interests; and (h) other actions evincing a failure to adhere to the legal form separate and apart from himself.

**FIRST CAUSE OF ACTION**
**<u>VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS</u>**

26.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

27.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for employment.

28.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

29.      Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

30.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

31.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

32.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

33.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).

34.     Defendants had the power to hire and fire Plaintiff , controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

35.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

36.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

37.     Defendants' failure to pay Plaintiff (and member of the FLSA collective action) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

38.     Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

39.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

40.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

41.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

42.     Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

43.     Plaintiff was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW**

44.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth Herein.

45.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

46.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

48.     Plaintiff was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

49.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

50.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

51.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6

52.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

53.     Plaintiff was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

54.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

55.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

56.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

57.     Plaintiff repeats and re-alleges all paragraphs above as though set forth fully herein.

58.     Defendants did not provide Plaintiff with a statement of wages with each payment of wages, as required by NYLL 195(3).

59.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

60.     Plaintiff repeats and re-alleges all paragraphs above as though set forth fully Herein.

61.     Defendants did not provide Plaintiff with a statement of wages with each payment of wages, as required by NYLL 195(3).

63.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff Lord respectfully request that this Court enter judgment against Defendants by:

(a) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

8

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(e) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(j) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff, compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff;

(l) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff damages for Defendants' failure to pay him in a timely fashion, as required by NYLL § 191;

(p) Awarding Plaintiff pre-judgment and postjudgment interest as applicable;

(q) Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lord demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 5, 2021

/s/  **David Kasell**

David Kasell
Fair Labor Defense LLC
188 Grand Street, Suite 225
New York, NY 10013
(800) 724-3341
Counsel for Plaintiff
